TUCKER and others *v.* CLARKE.

The court of chancery does not interfere, by way of decreeing specific or further performance, with executed agreements.

Where parties supposing that they were seised, sold and conveyed lands, with covenants of seisin and warranty, to which as it subsequently appeared, they had no title ; and six years afterwards, on being sued by their grantee on the covenant of seisin, purchased the lands of the true owners, and tendered a new conveyance thereof to the grantee, who, refused to accept it ;

*Held,* that the court had no power to compel the grantee to receive the deed, or to interfere with his action on the covenants of title.

June 11 ; August 19, 1844.

THIS was a bill in the nature of a bill for the specific performance of an agreement. The facts, which were material to the point reported, sufficiently appear in the judgment of the court.

*M. S. Bidwell,* for the complainants.

*W. Silliman,* for the defendant.

THE ASSISTANT VICE-CHANCELLOR.—The bare statement of this case suffices to show that the complainants have no equity.

The complainants in February, 1835, sold and conveyed to the defendant in fee, with full covenants of title, six lots of ground in Brooklyn. They supposed they had a good title, but in fact had no title to any of the lots.

On this being discovered in 1841, the defendant sued the complainants at law upon the covenant of seisin in his deed, and they thereupon tendered to him a good title, (as they allege) together with the costs which he had incurred. He declined to receive the conveyance, and they filed this bill to compel him to accept it and stay his proceedings on the covenant.

The only contract there ever was between the parties, was that made by the deed in 1835, which is a contract executed and performed. There never was any valid executory contract which was to be performed at some future time. The complainants therefore do not ask the court to compel a specific performance

Tucker v. Clarke.

of an open agreement. They ask to compel the defendant to give up his claims under a deed executed seven years before the bill was filed.

The executed contract was, that the complainants were seised of the lots, and if they were not, that they should repay the consideration money. This is sought to be reconsidered and turned into a contract by which, if it should ever turn out that they were not seised, they might either repay the consideration or procure a good title to be conveyed. It would, have been a little more plausible if there were a semblance of mutuality about it, so that the defendant might have coerced them to procure a good title on discovering the defect. But there is no pretence that the defendant had any such equity. The complainant's ground amounts to this : If the lots had become worth two or three times the price which the defendant paid for them, then they could set up the outstanding title, deprive the defendant of his speculation, and throw him upon the covenants in his deed, which would restore to him the consideration paid. If on the other hand, the lots should depreciate very much, the complainants would procure the outstanding title for him and retain the price which he paid. There is no equity or fairness in this, and the court cannot grant the relief prayed by the bill, without first making such a contract for the parties ; a contract which they never did make, and I presume never would have made, if any failure of title had been supposed probable when the conveyance was executed.

The bill must be dismissed with costs.